IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOE JESSE MONGE and ROSANA
ELENA MONGE,

      Plaintiffs,

vs.                                                                                                                                                      No. MC 15-0030 JB

ALICIA ROJAS and FRANCISCO JAVIER
JAYME,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Objection and Opposition to Plaintiff's Filing of Foreign Judgment, filed June 15, 2015 (Doc. 7)("Objections"). The Court held a hearing on August 27, 2015. The primary issue is whether Plaintiffs Joe Jesse Monge and Rosana Elena Monge can register the United States District Court for the Western District of Texas' judgment against Defendants Alicia Rojas and Francisco Javier Jayme, as they intended to do when they filed the Notice of Filing of Foreign Judgment, filed May 22, 2015 (Doc. 1)("Notice"). Because the Monges: (i) appealed the District Court for the Western District of Texas' judgment; and (ii) did not obtain an order from the District Court for the Western District of Texas authorizing them to register the judgment, the Monges improperly registered the judgment in the United States District Court for the District of New Mexico pursuant to 28 U.S.C. § 1963.

## PROCEDURAL BACKGROUND

On June 14, 2010, the Monges filed a Complaint against the Defendants in the United States Bankruptcy Court for the Western District of Texas seeking to turn over real property

located at 105 Thoroughbred Court, Santa Teresa, New Mexico 88008-9130 (the "Thoroughbred Property").  See Plaintiffs' Response to Defendants' Objection and Opposition to Plaintiff's Filing of Foreign Judgment, filed June 23, 2015 (Doc. 9)("Response").  On September 5, 2014, the Bankruptcy Court filed its Proposed Findings of Fact and Conclusions of Law with Respect to Trial in Adversary Proceeding No. 10-03019, filed in the United States Bankruptcy Court for the Western District of Texas on September 5, 2014, filed in the District of New Mexico June 23, 2015 (Doc. 9-8)("Findings of Fact").  In the Findings of Fact, the Bankruptcy Court concluded that the Monges "are the rightful legal owners of and are entitled to possession of the Thoroughbred Property."  Findings of Fact ¶ 239, at 78 ("Turnover Order").  It stated that § 542(a) of the Bankruptcy Code requires the Defendants to turn over and deliver the Thoroughbred Property to the Monges.  See Findings of Fact ¶ 243, at 79.  The Defendants filed no objections to the Findings of Fact.  The Findings of Fact were filed in the United States District Court for the Western District of Texas.  See Response ¶ 5, at 3.

On January 27, 2015, the Western District of Texas adopted all of the above-described findings from the Findings of Fact.  See Order Adopting in Part Proposed Findings of Fact and Conclusions of Law at 4-36, filed in the Western District of Texas January 27, 2015, filed in the District of New Mexico May 22, 2015 (Doc. 1)("Final Order").  That same day, January 27, 2015, the Western District of Texas filed a Final Judgment.  See Final Judgment, filed in the Western District of Texas on January 27, 2015, filed in the District of New Mexico on May 22, 2015 (Doc. 1).  Although the Monges appealed parts of the Final Order, they did not appeal the Turnover Order in the Final Order, which directed the Defendants to turn over the Thoroughbred Property to the Monges.  See Response ¶ 8, at 4.  The Defendants have not filed an appeal from either the Final Order or the Final Judgment; the time for filing any appeal has expired.

Five days later, on March 3, 2015, the Defendants filed a Chapter 7 Voluntary petition in the United States Bankruptcy Court for the District of New Mexico pursuant to 11 U.S.C. §§ 701-784.  See Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines, filed in the District of New Mexico June 15, 2015 (Doc. 7)("Chapter 7 Filing").  On May 6, 2015, the New Mexico Bankruptcy Court granted the Monges relief from the automatic stay to enforce the Turnover Order in the Final Judgment and Final Order.  See Order Granting Third Motion for Relief from Automatic Stay (Enforce Turnover Order), filed in the District of New Mexico Bankruptcy Court May 6, 2015, filed in the District of New Mexico June 23, 2015 (Doc. 9-1)("Order Granting Relief from Stay").

On May 15, 2015, the New Mexico Bankruptcy Court authorized the Monges to register the Final Order and Final Judgment in the District of New Mexico.  See Order Granting First Motion for Relief from Automatic Stay (Register Judgment), filed in the District of New Mexico Bankruptcy Court May 15, 2015, filed in the District of New Mexico June 23, 2015 (Doc. 9-2)("Order Registering the Judgment").  Thus, on May 22, 2015, the Monges filed the Notice in the District of New Mexico registering the Final Judgment and Final Order.  See Notice at 1.

The Defendants, representing themselves pro se, filed their Objections on June 15, 2015.  See Objections at 1.  They argue that they "are still protected by the automatic stay in the Chapter 7 Bankruptcy," Objections ¶ 5, at 2.  They contend that the judgment against them "is currently in the process of appeal in the Fifth Circuit Court of Appeals," Objections ¶ 10, at 3, and that new evidence will prove that they "are the rightful owners of the 'Thoroughbred Property,'" Objections ¶ 12, at 4.  They assert that their appeal precludes the judgment's execution.  See Objections ¶ 17, at 3-4.

Additionally, the Defendants argue that "Michael Nevarez, the attorney representing the Plaintiff's [sic] is not licensed in New Mexico and he is not represented, affiliated or working with a Licensed New Mexico Attorney." Objections ¶ 14, at 3. They appear to contend that Mr. Nevarez' status prevents the judgment's execution.

The Monges filed their Response on June 23, 2015. See Response at 1. They argue that, contrary to the Defendants' allegations, the Order Granting Relief from Stay "granted Plaintiffs relief from the automatic stay to enforce the Turnover Order found in the Final Order and Final Judgment." Response ¶ 18, at 5. Moreover, they argue that the District of New Mexico Bankruptcy Court ordered the automatic stay lifted to allow them to register the Final Order and Final Judgment in the Order Registering the Judgment. See Response ¶¶ 21-22, at 6. The Monges also argue that the appeal to the United States Court of Appeals for the Fifth Circuit does not affect the judgment's execution. See Response ¶¶ 25-26, at 6-7. The Monges contend that the Turnover Order is not part of the Appeal. See Response ¶ 26, at 6-7. The Monges then assert that the Defendants waived any objections and cannot introduce new evidence on appeal. See Response ¶¶ 30-34, at 10-11.

In response to the Defendants' argument that the Monges' counsel is practicing law in New Mexico without a license, the Monges argue that their counsel is not practicing law in New Mexico. See Response ¶ 48, at 15. Instead, the Monges contend that their counsel "has merely registered a foreign judgment in the State of New Mexico, and entered an appearance in the United States Bankruptcy Court in New Mexico." Response ¶ 49, at 15. The Monges assert that neither action requires affiliation with local counsel. See Response ¶ 49, at 15. Accordingly, the Monges ask the Court to deny the relief the Defendants seek. See Response at 16.

The Court held a hearing on August 27, 2015.  See Transcript of Hearing (taken August 27, 2015)("Tr.").[1]  The Defendants asserted that they objected to the Monges' filing the judgment.  See Tr. at 4:19-20 (Jayme).  They argued that the Court should have approved the filing before the Plaintiffs filed it.  See Tr. at 4:24-5:2 (Jayme).  The Defendants pointed to no statutory law or case law, however, to support their contention that the Court must approve a foreign judgment's filing.  See Tr. at 5:3-6 (Court, Jayme).  The Defendants also argued that their case's appeal to the Fifth Circuit prevented the Monges from filing the judgment.  See Tr. at 5:15-21 (Jayme).  The Court recognized that the Defendants, at one point, had a right to appeal, but stated that their right to appeal does not affect the Monges' right to register this judgment in the District of New Mexico.  See Tr. at 5:22-6:1 (Court).

The Defendants stated that their only other objection was that the Monges' counsel was practicing law in New Mexico without a license.  See Tr. at 5:10-12 (Jayme).  The Monges' counsel, Michael Nevarez, told the Court that he applied to the United States District Court for the District of New Mexico for the specific purpose of registering the judgment.  See Tr. at 7:23-8:3 (Nevarez).  He stated that he was admitted and provided his federal bar number.  See Tr. at 8:3 (Nevarez).  The Monges also informed the Court that the United States Marshal's Office had already evicted the Defendants from the Thoroughbred Property and executed the judgment.  See Tr. at 3:19-4:3 (Nevarez).

## LAW REGARDING REGISTRATION OF FOREIGN JUDGMENTS

Section 1963 of Title 28 of the United States Code provides:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

> district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown.  A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.
>
> A certified copy of the satisfaction of any judgment in whole or in part may be registered in like manner in any district in which the judgment is a lien.

28 U.S.C. § 1963.

Congress enacted § 1963 in 1948 "to provide a prompt, efficient, and inexpensive means of enforcing final federal judgments."  Urban Indus., Inc. of Ky. v. Thevis, 670 F.2d 981, 985 (11th Cir. 1982).  See Home Port Rentals, Inc. v. Int'l Yachting Grp., Inc., 252 F.3d 399, 403 (5th Cir. 2001); In re Prof'l. Air Traffic Controllers Org., 699 F.2d 539, 544 (D.C. Cir. 1983).  It is, however, an alternative method of enforcing the judgment.  Instead of registering the judgment, a judgment creditor may bring an independent action to collect his judgment in a different jurisdiction.  See United States v. Febre, 978 F.2d 1262, *1 (7th Cir. 1992)(unpublished table decision)("[A] judgment creditor is still free to pursue an independent action to collect his judgment.").  "And it may be advantageous for him to do this where the original judgment is not registerable . . . ."  7B J. MOORE, MOORE'S FEDERAL PRACTICE § 1963 (2 ed. 1981).  See Meridian Investing & Dev. Corp. v. Suncoast Highland Corp., 628 F.2d 370, 373 (5th Cir. 1980).  Nonetheless, § 1963 "spare[s] creditors and debtors alike both the additional costs and harassment of further litigation which would otherwise be required by way of an action on the judgment in a district court other than that where the judgment was originally obtained."  S. Rep. No. 1917 (1954), reprinted in 1954 U.S.C.C.A.N. 3142.  See Home Port Rentals, Inc. v. Int'l Yachting Grp., Inc., 252 F.3d at 403.

The term "final judgment" has a specific meaning within § 1963.  It requires a judgment to be final by appeal.  See In re Prof'l. Air Traffic Controllers Org. (PATCO), 699 F.2d at 544

(holding that judgments entered in one district court are not registrable in another district court under § 1963 until the final disposition of an appeal from that judgment); Abegglen v. Burnham, 94 F. Supp. 484, 486 (D. Utah 1950)(stating that the phrase "final by appeal" means that a judgment sought to be registered may not be regarded as final until the case is disposed of by the appeal). The statute therefore sits in some tension with rule 62 of the Federal Rules of Civil Procedure, which allows prevailing litigants to execute on a judgment immediately, unless the losing party posts a supersedeas bond and seeks a stay of execution. See Fed. R. Civ. P. 62; Woodward & Dickerson v. Kahn, 1993 WL 106129, at *1 n.1 (S.D.N.Y. 1993)(Leisure, J.)(observing that "judgment debtors were able to obtain a de facto stay of execution without submitting a supersedeas bond" as rule 62 required). Standing alone, rule 62 forbids a stay of execution pending appeal absent the posting of security. See Fed. R. Civ. P. 62(d). Before its 1988 amendment, § 1963 stated:

> A judgment in an action for the recovery of money or property now or hereafter entered in any district court which has become final by appeal or expiration of time for appeal may be registered in any other district by filing therein a certified copy of such judgment. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

28 U.S.C. § 1963 (earlier version). It circumvented rule 62 by enabling a judgment debtor with insufficient assets in the forum state, yet who possessed sufficient assets in a foreign jurisdiction, to

> effectively cease registration and execution on the judgment by simply filing an appeal and invoking the safeguards of 28 U.S.C. § 1963. In doing so, litigants received a "de facto" stay of the proceedings since the forum court, in accordance with the literal language of § 1963, could not issue a registration of judgment until the appellate process was "final."

Assoc. Bus. Telephone Sys. Corp. v. Greater Capital Corp., 128 F.R.D. 63, 65 (D.N.J. 1989)(Cohen, J.)

Courts determined that, despite rule 62, § 1963 allows litigants to register final judgments -- not "enforceable judgments," the latter of which would allow them to register judgments that can be executed on under rule 62, but which may not be final by appeal. Urban Indus., Inc. of Ky. v. Thevis, 670 F.2d at 985. See United States ex rel. Goldman v. Meredith, 596 F.2d 1353, 1355-56 (8th Cir. 1979)(McMillian, J.)(noting that the lower court refused to register the judgment because it was not "final by appeal"); Hassett v. Goetzmann, 1992 WL 219002, *3 (N.D.N.Y. 1992)(McCurn, J.)(holding that the court could not enforce a foreign judgment because the judgment was on appeal); Sheet Metal Workers' Nat'l Pension Fund v. Metals and Machining Fabricators, Inc., 637 F. Supp. 50, 52 (D.D.C. 1986)(Parker, J.)(holding that a pension fund that was awarded judgment could not register it in other districts for enforcement, because an appeal was pending). Accordingly, even though a judgment debtor does not post a supersedeas bond or seek a stay of execution to prevent the judgment creditor from executing on the judgment, the judgment creditor may not register the judgment in another federal district until the judgment is final by appeal. See Goldsmith v. Midwest Energy Co., 90 F.R.D. 249, 250 (N.D. Ohio 1980)(Battisti, C.J.)(holding that a litigant could not register a judgment pursuant to § 1963, even though the losing party filed no supersedeas bond).

In 1988, Congress amended § 1963 to allow a prevailing party to register a foreign judgment when the court that issued the judgment ordered that it be registered for "good cause." 28 U.S.C. § 1963. See Pub. L. 100-702, § 1002, 102 Stat. 4664 (1988). Congress, aware of the case law requiring that a judgment be final by appeal rather than merely enforceable under rule 62, nonetheless refrained from amending the statute to allow prevailing parties to register a judgment that was "enforceable." See H.R. Rep. No. 100-899, at 67 (1988)("[A] judgment debtor should not be permitted to hide assets in a foreign jurisdiction and . . . the district court

entering the judgment should be given discretion to permit registration in a foreign jurisdiction pending appeal, but only upon a showing of good cause."). Congress' amendment therefore reinforced the notion that judgments must be final on appeal before a party can register them under § 1963. See Dwarf Music v. Volunteer Broadcasting, 1990 WL 70546, *2 (N.D. Ill. 1990)(Lindberg, J.)(holding that a judgment could not be registered because the time for appeal had not expired and the rendering court had not ordered the registration of the judgment for good cause).

As a result of Congress' amendment, a judgment creditor need not always wait until all appeals are resolved to register the judgment in another jurisdiction. See 28 U.S.C. § 1963. Section 1963 permits the court that entered an order, for good cause shown, to allow the judgment creditor to register its judgment in another jurisdiction. See 28 U.S.C. § 1963; Chicago Downs Assoc., Inc. v. Chase, 944 F.2d 366, 371 (7th Cir. 1991); Johns v. Rozet, 143 F.R.D. 11, 12 (D.D.C. 1992)(Richey, J.). Congress passed the provision, in part, to bridge the gap between rule 62, which allows judgment creditors to execute on the judgment immediately, and § 1963, which requires a litigant to wait until the judgment is final by appeal. See Assoc. Bus. Tel. Sys. Corp. v. Greater Capital Corp., 128 F.R.D. at 65-68 (describing the tension between rule 62 and § 1963 and Congress' attempt to remedy it). The good-cause provision therefore protects judgment creditors from being prejudiced by the debtor's acts during the delay between judgment and expiration of appeal. See Johns v. Rozet, 143 F.R.D. at 12-13; Assoc. Bus. Tel. Sys. Corp. v. Greater Capital Corp., 128 F.R.D. at 66-68.

Section 1963 does not define good cause. Courts interpreting the good-cause provision, however, have set a lenient standard, therefore bringing § 1963 more into alignment with rule 62. The courts that have considered what constitutes good cause "have generally based their

decisions on an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum." Citizens Bank v. Parnes, 2009 WL 2044263, *2 (E.D. Mich. 2009)(Battani, J.). The Commentary to the 1988 Amendment allowing courts to register judgments upon a showing of good cause states that a court may find good cause "upon a mere showing that the defendant has substantial property in the other [foreign] district and insufficient in the rendering district to satisfy the judgment." David D. Siegel, Commentary to 1988 Revision, 28 U.S.C. § 1963 (West Supp. 1989). See Assoc. Bus. Telephone Sys. Corp. v. Greater Capital Corp., 128 F.R.D. 63, 68 (D.N.J. 1989).

## ANALYSIS

The Defendants object to the judgment's registration, arguing that the automatic stay protects them. See Objections ¶ 5, at 2. The New Mexico Bankruptcy Court lifted the automatic stay to allow the Monges to enforce the Turnover Order in the Final Judgment, see Order Granting Relief from Stay at 1-2, and to register the Final Order and Final Judgment, see Order Registering the Judgment at 1-2. Contrary to the Defendants' assertions, the automatic stay does not protect their assets in this instance.

On the other hand, the Monges' appeal protects the Defendants from the judgment's registration at this time. Although the Monges did not appeal the Turnover Order, which directed the Defendants to turn over the Thoroughbred Property to the Monges, they nevertheless appealed the Final Judgment. See Response ¶ 8, at 4. Specifically, they are appealing the Western District of Texas' Final Order and Final Judgment, which did not sustain their objections to the Western District of Texas Bankruptcy Court's Findings of Fact. See Appellants' Designation for Appeal at 7-8, filed June 23, 2015 (Doc. 9-3). In the Notice, they seek to register the Final Judgment and Final Order from the Western District of Texas, which

contained the Turnover Order.  See Notice at 1.  The Western District of Texas' Final Order adopting the Bankruptcy Order is an order and not a judgment.  The only "judgment" is the Final Judgment.  Section 1963 allows a party to register only "the judgment" -- not parts of the judgment, or, more precisely, interlocutory orders entered before the judgment.  28 U.S.C. § 1963 (emphasis added).

Moreover, final judgments have a specific meaning under § 1963.  They must be "final by appeal or expiration of the time for appeal."  28 U.S.C. § 1963.  See In re Prof'l Air Traffic Controllers Org. (PATCO), 699 F.2d at 544 (holding that judgments entered in one district court are not registrable in another district court under § 1963 until the final disposition of an appeal from that judgment); Urban Indus., Inc. of Ky. v. Thevis, 670 F.2d at 985; United States ex rel. Goldman v. Meredith, 596 F.2d at 1355-56 (noting that the lower court refused to register the judgment because it was not "final by appeal"); Sheet Metal Workers' Nat'l Pension Fund v. Metals and Machining Fabricators, Inc., 637 F. Supp. at 52; Abegglen v. Burnham, 94 F. Supp. at 486 (stating that the phrase "final by appeal" means that a judgment sought to be registered may not be regarded as final until the case is resolved by the appeal).  Because the Monges appealed the judgment, it has not become "final" as § 1963 defines that term.  When Congress amended the statute in 1988, aware of the tension between § 1963 and rule 62, it did not change the existing language to allow judgment creditors to register "enforceable" judgments.  See Pub. L. 100-702, § 1002, 102 Stat. 4664 (1988).  It instead opted to provide judgment creditors another route to execute on foreign judgments: the good cause provision.  See 28 U.S.C. § 1963.  This is the provision the Monges must use to register their foreign judgment and maintain the appeal simultaneously.

Similarly, the Monges cannot register the judgment on the ground that "the court that entered the judgment" ordered that it be registered "for good cause shown."  28 U.S.C. § 1963.  See Hassett v. Goetzmann, 1992 WL 219002, at *4 (refusing to allow any court besides "the court that entered the judgment" to order registration of the judgment for good cause shown).  The statute "explicitly states that the *court that entered the judgment* may order registration for good cause shown."  Hassett v. Goetzmann, 1992 WL 219002, at *4 (emphasis in original).

Here, the District Court for the Western District of Texas entered the Final Order and Final Judgment determining that the Monges were entitled to the property.  See Final Order at 1-2; Final Judgment at 1-2.  To register the Final Judgment, the Monges must obtain an order from the "court that entered the judgment" -- the District Court for the Western District of Texas.  28 U.S.C. § 1963.  In this situation, the New Mexico Bankruptcy Court granted the Monges relief from the automatic stay to register the Final Order and the Final Judgment in the District of New Mexico.  See Order Registering the Judgment at 1-2.  The New Mexico Bankruptcy Court acknowledged that it was not the court that entered the judgment.  It stated:

> The automatic stay is hereby lifted to allow Joe Monge and Rosana Monge to register, in the United States District Court for the District of New Mexico . . . the "Order Adopting in Part Proposed Findings of Fact And Conclusions Of Law", and the "Final Judgment", filed in the United States District Court for the Western District of Texas.

Order Registering the Judgment at 2 (emphasis added).  The Monges were therefore not entitled to register the Final Judgment in the District of New Mexico to execute on that Final Judgment against the Defendants until their appeal was final or until they obtained a court order from the District Court for the Western District of Texas authorizing them to register the judgment.  See Woodward & Dickerson v. Kahn, 1993 WL 106129, at *1 n.1 (concluding that the court which

rendered the judgment may enter an order allowing the litigant to register the judgment elsewhere).

While the Court recognizes the rigidity of this rule, it makes sense.  A defendant with assets in another district should not have to worry about execution until appeals are exhausted.  Likewise, a plaintiff should not generally be able to simultaneously execute on a judgment and appeal.  The foreign court should not be put in the difficult position of trying to decide what parts of the case are being litigated on appeal.  The foreign court is not familiar with the case and, even if it could resolve such issues, Congress has determined that the foreign court should not make such decisions.  One court should decide whether good cause exists to register the judgment -- not two -- and Congress has decided that it should be the court that issued the judgment, not the foreign court.  See 28 U.S.C. § 1963; Hassett v. Goetzmann, 1992 WL 219002, at *4.  Moreover, there may be multiple foreign courts, and the foreign courts might come to different conclusions.  It is better that the judgment be final, so that no one has to make these decisions.

The Court could create some exception for registering foreign judgments when the litigants' appeals will not affect the orders on which execution depends.  Such exceptions might make sense.  Section 1963, however, includes no such exceptions.  And if there are to be exceptions, Congress, not the unelected courts, is the branch of government that should write them into the statute.

The Court recognizes that the Monges' appeal will not change the Turnover Order, because the Defendants did not appeal the Turnover Order, and the time for filing any appeal has expired.  Because the Defendants did not appeal the Bankruptcy Court's Findings of Fact and therefore waived their objections, they cannot raise their objections on appeal. See Fed. R.

Bankr. P. 9033(b) ("Within 14 days after being served with a copy of the proposed findings of fact and conclusions of law a party may serve and file with the clerk written objections which identify the specific proposed findings or conclusions objected to and state the ground for such objection."). The Defendants did not file any objections to the Findings of Fact, so they waived their right to appeal the Findings of Fact to the Western District of Texas. See In re Bradley, 501 F.3d 421, 433 (5th Cir. 2007)("Even if an issue is raised and considered in the bankruptcy court, this court will deem the issue waived if the party seeking review failed to raise it in the district court.")(citing United States v. Olsen, 4 F.3d 562, 567 (8th Cir. 1993)("Although this issue was considered by the bankruptcy court, the lawyers failed to reassert the issue on their appeal to the district court. Accordingly, this issue should not be considered at all as it was waived . . . .")). The Monges' appeal, therefore, has no bearing on the Turnover Order directing the Defendants to turn over the Thoroughbred Property to the Plaintiffs. Nonetheless, the judgment itself is not final. The Court does not preclude the Monges from registering the judgment. Instead, it directs them to adhere to § 1963's procedures and obtain an order from "the court that entered the judgment" -- the District Court for the Western District of Texas -- authorizing them to register the judgment for good cause shown. 28 U.S.C. § 1963.[2]

Finally, the Defendants object to the judgment's registration because they argue that Mr. Nevarez is not licensed to practice law in New Mexico. Mr. Nevarez applied and was admitted to the United States District Court for the District of New Mexico for the specific purpose of registering the judgment. See Tr. at 7:23-8:3 (Nevarez). The Court has confirmed that Mr. Nevarez applied to be a member of the Federal Bar for the District of New Mexico on April 1,

---

[2]The Defendants object only to the judgment's filing. See Objections at 1. The Court therefore addresses only this issue and does not consider whether the Monges were entitled to execute the judgment.

2015, and was admitted on April 2, 2015.  He paid his fees.  His bar number is 15-75.  He filed the Notice on May 22, 2015.  Thus, if the Monges obtain a court order authorizing them to register the judgment for good cause shown from the District Court for the Western District of Texas, Mr. Nevarez may register the judgment.

**IT IS ORDERED** that the objections in Defendants' Objection and Opposition to Plaintiff's Filing of Foreign Judgment, filed June 15, 2015 (Doc. 7), are overruled in part and sustained in part.  The Defendants' objection that Plaintiffs Joe Jesse Monge and Rosana Elena Monge improperly registered the judgment is sustained.  The Defendants' objections that Michael Nevarez practiced law without a New Mexico license and that the automatic stay protects their assets are overruled.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and Parties:*

Michael R. Nevarez
The Law Offices of Michael R. Nevarez
El Paso, Texas

    *Attorney for the Plaintiffs*

Alicia Rojas
Francisco Javier Jayme
Sunland Park, New Mexico

    *Defendants pro se*